UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2101 PA (SHx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Maria Gomez v. Marriott Beach Hotel, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Second Notice of Removal filed by defendant Marriott International, Inc. (incorrectly identified as Marriott Beach Hotel) ("Defendant") on March 22, 2013.  Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Maria Gomez ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

    The action pending in the Ventura County Superior Court was filed on July 31, 2012.  Defendant removed the action on September 6, 2012.  On September 12, 2012, this Court issued an order remanding the case on the ground that "Defendant had not met its burden of proving that diversity of citizenship existed."  The Notice of Removal relied on Plaintiff's Complaint, which only alleged her residence.

    After the case was remanded, Defendant served written discovery requests upon Plaintiff.  On February 20, 2013, Plaintiff served her responses to Defendant's Requests for Admissions, which confirm that she resides in California with the intent to remain there indefinitely.  Her response further asserts that Plaintiff is a Legal Resident with a green card.  Defendant is now removing the action within 30 days of receipt by Defendant of a "copy of [a]. . . paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

    "[A] defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir. 1991).  According to the Ninth Circuit, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005).  The thirty-day removal clock "is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." Id.  When the initial pleading is not immediately removable, a second thirty-day period for removal applies if the action "is rendered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2101 PA (SHx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Maria Gomez v. Marriott Beach Hotel, et al. | | |

removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper.'" Id.

In Azarbarzin v. Convatec Inc., 2013 U.S. Dist. LEXIS 2358 (C.D. Cal. Jan. 7, 2013), after the defendant procured a stipulation from plaintiff that she was a citizen of the State of California, the defendant removed the case again and plaintiff moved to remand. Id. The court granted plaintiff's motion to remand and distinguished the matter from Harris stating that, "Harris does not stand for the proposition that a defendant can remove prematurely and on the basis of insufficient information and then remove yet a second time, on that same basis, within thirty days of receiving some other paper that provides the information that should have been collected before removal was ever attempted." Id.

Although Defendant claims there are newly discovered facts which now render the case removable, Defendant likely knew those facts at the time of its initial removal attempt. Defendant should have affirmatively alleged the citizenship of the parties as known to it in the first Notice of Removal. See Azarbarzin v. Convatec Inc., 2013 U.S. Dist. LEXIS 2358.

Accordingly, the Court orders Defendant to show cause in writing why the case should not be remanded because this is a second removal and there is no new ground for removal. Defendant's response to the order to show cause shall be filed by April 17, 2013.

IT IS SO ORDERED.